UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER CLELIN TOLLEY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. C17-00438BHS<br><br>ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION |

**I. BASIC DATA**

Type of Benefits Sought:

(X) Disability Insurance

(X) Supplemental Security Income

Plaintiff's:

Sex: Male

Age: 26 at alleged onset date

Principal Disabilities Alleged by Plaintiff: Nerve damage, arthritis, depression, anxiety, attention deficit disorder, and chronic pain

Disability Allegedly Began: August 1, 2010

Principal Previous Work Experience: Cashier, stock worker, prep cook, truck driver, and dishwasher

Education Level Achieved by Plaintiff: 11th grade

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Tom L. Morris:

    Date of Hearing: December 31, 2015; hearing transcript AR 939-86

    Date of Decision: December 12, 2016

    Appears in Record at: AR 911-38

    Summary of Decision:

> The claimant has not engaged in substantial gainful activity since August 1, 2010, the alleged onset date. The claimant has the following severe impairments: fractures of the lower limb; disorders of the muscle, ligament, and fascia; obesity; anxiety disorders; affective disorders; and substance addiction disorders. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except the claimant can occasionally push and pull with the bilateral upper extremities; he can occasionally push and pull with the left lower extremity (including the operation of foot controls); he can occasionally climb ramps and stairs, kneel, crouch, and crawl; he can never climb ladders, ropes, or scaffolds; he cannot reach above the shoulder when using the left upper extremity; he is limited to unskilled work tasks involving simple repetitive tasks with customary breaks and lunch; he can have superficial contact for work tasks with coworkers and the general public; he is not able to perform at a production rate pace (e.g., assembly line work where pace is set by the machine) but can perform goal-oriented work (e.g., office cleaner); and he may be off task ten percent of an eight-hour workday.
>
> The claimant is unable to perform any past relevant work. Considering the claimant's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy that the claimant can perform. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2010, through the date of the decision.

Appeals Council: Did not assume jurisdiction

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Christopher Clelin Tolley ("Tolley"), bears the burden of proving that he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v.*

*Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. § 416.920.  The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five, the burden shifts to the Commissioner.  *Id.*

## VI. ISSUES ON APPEAL

1. Did the ALJ err in evaluating Tolley's severe impairments?
2. Did the ALJ err in evaluating the medical evidence in the record?
3. Did the ALJ err in assessing Tolley's testimony?
4. Did the ALJ err in failing to resolve apparent conflicts between the vocational expert testimony and the Dictionary of Occupational Titles?

## VII. DISCUSSION

Tolley appeals the Commissioner's decision denying him disability benefits, arguing that the ALJ committed several errors requiring reversal.  Dkt. 15.  The Court addresses the alleged errors in turn.

**A. Severe Impairments**

Tolley argues that the ALJ erred by failing to find his chronic pain disorder to be a severe impairment at step two of the sequential evaluation process. *See id*. at 2-4. The Court agrees in part.

At step two of the sequential evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(a)(4)(iii), (c); *see also* Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. The claimant has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The step-two inquiry, however, is a *de minimis* screening device used to dispose of groundless claims. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ must still consider all medically determinable impairments, not just those determined to be severe, when assessing a claimant's RFC. *See* SSR 96-8p, 1996 WL 374184, at *2. Therefore, where an ALJ finds in a claimant's favor at step two, any error in failing to determine other impairments to be severe is harmless so long as the ALJ considered the limitations stemming from those impairments throughout the remainder of the analysis. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (finding that an ALJ's error is harmless where it is inconsequential to the ultimate disability determination).

Here, the ALJ found in favor of Tolley at step two, determining that he had several severe impairments. *See* AR 916. Tolley argues that the ALJ erred by failing to find his chronic pain disorder to be a severe impairment. *See* Dkt. 15 at 2-4. The ALJ evaluated the medical opinions in the record and Tolley's testimony as they related to Tolley's chronic pain symptoms. *See* AR 920-22, 925-26. However, as described below, the ALJ did not provide sufficient reasons to discount all of the medical opinions in the record, some of which included functional limitations associated with Tolley's pain symptoms. *See infra* § VII.B. Therefore, upon re-evaluation of the medical evidence, the ALJ must re-evaluate whether Tolley's chronic pain disorder was a severe impairment.

**B.     Medical Evidence**

Tolley argues that the ALJ erred in evaluating the medical evidence in the record. *See* Dkt. 15 at 5-18. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Id*. at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

**1. Carolyn Halley, M.D.**

Tolley argues that the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of treating physician Carolyn Halley, M.D. *See* Dkt. 15 at 4-7. The Court agrees.

According to the record, Dr. Halley's treatment relationship with Tolley began no later than 2008. *See, generally*, AR 593-666. In May 2011, Dr. Halley completed a functional assessment and opined that Tolley could, among other limitations, sit for no more than four hours in an eight-hour workday. *See* AR 758-59. The ALJ gave Dr. Halley's opinion some weight, but rejected the limitation to sitting for no more than four hours because there was "no evidence" to support the limitation and because Tolley testified to being able to sit for at least five hours without experiencing pain. *See* AR 926.

Substantial evidence does not support the ALJ's statement that "no evidence" supported a limitation to four hours of sitting. Dr. Halley diagnosed Tolley with chronic pain syndrome due to trauma, specifically noting that psychological factors were at play and that Tolley's "mental and physical health and pain cannot be separated." *See* AR 610, 643-44. Tolley's diagnosis of chronic pain syndrome was confirmed by several other physicians. *See* AR 471, 475, 732. In support of his finding that the evidence did not show that Tolley could only sit for four hours in a day, the ALJ noted that Tolley's range of motion results were normal on examination later in 2011. *See* AR 926. However, that Tolley exhibited a full range of motion does not preclude him from being unable to sit for more than four hours for other reasons, such as chronic pain. Finally,

though the ALJ relied on Tolley testifying to being able to sit for at least five hours, Tolley actually testified at the most recent hearing that he could sit for only half an hour at a time and a total of "a couple of hours" in a workday. *See* AR 962.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id*. The Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id*. (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id*. at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ fully credited Dr. Halley's opinion, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, this error affected the ultimate disability determination and is not harmless.

**2. Lynn L. Staker, M.D.**

Tolley argues that the ALJ erred by failing to fully incorporate the opinion of examining physician Lynn L. Staker, M.D., into the RFC. *See* Dkt. 15 at 7-8. The Court agrees.

In November 2009, Dr. Staker examined Tolley and found that Tolley had "significant subluxation of his shoulders" and that he could perform light work with restricted reaching, pushing, and pulling. *See* AR 720, 750. The ALJ gave Dr. Staker's opinion significant weight because it was consistent with clinical findings and objective testing. *See* AR 925. However, the ALJ assessed Tolley with an RFC that limited Tolley to no reaching above the shoulder with the left arm only. *See* AR 919. The ALJ did not offer any explanation for the discrepancy between the RFC and Dr. Staker's opinion, to which he gave significant weight.

The Commissioner argues that the error was harmless because the ALJ noted that Tolley only testified to pain in his left shoulder. *See* Dkt. 16 at 16-17. However, Dr. Staker's report stated that Tolley presented primarily for pain in his left shoulder, but that Tolley had previously "dislocated both shoulders" and that both shoulders showed "similar findings" on examination. *See* AR 719. Therefore, the ALJ erred by failing to either fully incorporate or give a sufficient reason to discount Dr. Staker's opinion that Tolley's reaching ability was bilaterally restricted.

**3. Alnoor Virji, M.D.**

Tolley argues that the ALJ erred by also giving significant weight to the opinion of state agency medical consultant Alnoor Virji, M.D., when Dr. Virji's opinion

contradicted Dr. Staker's opinion regarding bilateral shoulder limitations. *See* Dkt. 15 at 8-9. The Court agrees. On remand, the ALJ must address this contradiction.

**4. Sharon Underwood, Ph.D.**

Tolley argues that the ALJ erred by failing to fully incorporate the opinion of state agency psychological consultant Sharon Underwood, Ph.D., into the RFC. *See* Dkt. 15 at 9-13. The Court agrees.

Dr. Underwood reviewed the record in October 2011 and opined that, among other limitations, Tolley could only sustain employability in a work setting "requiring minimal and superficial interactions w[ith] others." *See* AR 89, 105. The ALJ gave Dr. Underwood's opinion significant weight. *See* AR 927. However, the ALJ assessed Tolley with an RFC that only qualitatively limited him to superficial contact with coworkers and the public, with no limit to interactions with supervisors. *See* AR 919. The ALJ did not explain why a quantitative limitation to minimal contact was omitted or why no limitation was included regarding interactions with supervisors. *See* AR 927.

The Commissioner argues that the Court should infer the ALJ's mention of Tolley's activities to be a reason to discount Dr. Underwood's opinion. *See* Dkt. 16 at 18. However, the ALJ stated that the "record shows [Tolley] is capable of at least superficial interaction with others" as evidenced by his activities. AR 927. This statement only affirms that Tolley is capable of superficial interaction; it does not argue that Tolley is capable of greater than minimal interaction with others. *See id*. Therefore, the ALJ erred by failing either to fully incorporate or to give a sufficient reason to discount Dr. Underwood's opinion.

**5. Gerald Cavanee, Ph.D.**

Tolley argues that the ALJ erred by failing to address the opinion of examining psychologist, Gerald Cavanee, Ph.D. *See* Dkt. 15 at 9-13. The Court agrees.

In March 2014, Dr. Cavanee examined Tolley and opined that Tolley had several marked limitations in his ability perform basic work activities due to his mental impairments. *See* AR 1233-34. The ALJ failed to address this opinion and assign weight to it in his decision. *See* AR 914-30.

An ALJ must explain why "significant probative evidence has been rejected." *Lester*, 81 F.3d at 830. "The decision of an ALJ fails this test when the ALJ completely ignores or neglects to mention" a physician's opinion that is "relevant to the medical evidence being discussed." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1045 (9th Cir. 2007). The Commissioner argues that any error is harmless because the ALJ found in his analysis of Tolley's testimony that Dr. Cavanee's examination results did not support the severity of the symptoms that Tolley alleged. *See* Dkt. 16 at 18 (citing AR 924). However, any inconsistency between Tolley's statements and the examination results has no bearing on Dr. Cavanee's professional opinion regarding Tolley's functional limitations, which was based on clinical observations, a review of the record, and the examination results. *See* AR 1231-44. The ALJ erred by failing to assign weight to Dr. Cavanee's opinion.

**6. Siobhan Budwey, Ph.D.**

Tolley argues that the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Siobhan Budwey, Ph.D. *See* Dkt. 15 at 14-16. The Court agrees.

Dr. Budwey examined Tolley in August 2013 and opined that Tolley was severely limited in his ability to perform several social workplace functions. *See* AR 1228. The ALJ discounted Dr. Budwey's opinion because the opinion was "inconsistent with the longitudinal record," because Dr. Budwey's statement that Tolley cannot work is an issue reserved to the Commissioner, and because Dr. Budwey reviewed no medical records. *See* AR 927. Regarding Tolley's social functioning, none of these reasons is a specific and legitimate reason supported by substantial evidence to discount Dr. Budwey's opinion.

First, the ALJ pointed to three mental status examinations as evidence that the longitudinal record showed Tolley as having intact memory and concentration. *See* AR 926 (citing AR 1231-35, 1247-48, 1256-57). However, those results have no bearing on Dr. Budwey's opinion regarding Tolley's social functioning. Next, the ALJ may not use the fact that Dr. Budwey also commented on the impact of Tolley's physical impairments on his ultimate ability to work as a reason to discount the severe workplace limitations Dr. Budwey specifically attributed to Tolley's mental impairments. *See* AR 1228-29. Finally, while the extent that a medical source is familiar with the record is among many factors to consider in giving weight to that source's opinion (*see* SSR 06-03p, 2006 WL 2329939, at *2-*3), neither the ALJ nor the Commissioner identifies any authority

indicating that an examining physician's opinion may be discounted solely due to a lack of reviewing other records. *See* AR 927; Dkt. 16 at 19. Therefore, the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount Dr. Budwey's opinion.

**7. Nirav Patel, M.D.**

Tolley argues that the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of treating physician Nirav Patel, M.D. *See* Dkt. 15 at 16-17. The Court disagrees.

In April 2012, Dr. Patel opined that Tolley's active depression with possible psychotic features would "limit his capability of obtaining and maintaining gainful employment." *See* AR 816. The ALJ gave Dr. Patel's opinion little weight because, among other reasons, the opinion was vague. *See* AR 926. Dr. Patel did not identify any specific workplace limitations that resulted from Tolley's mental impairments. *See* AR 816. Moreover, an ALJ is not bound by medical opinions on the ultimate issue of disability. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). Therefore, the ALJ provided a specific and legitimate reason supported by substantial evidence to discount Dr. Patel's opinion.

**8. David Moore, Ph.D.**

Tolley argues that the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist David Moore, Ph.D. *See* Dkt. 15 at 17-18. The Court agrees.

Dr. Moore examined Tolley in December 2009 and opined that Tolley had, among other limitations, marked limitations in his ability to relate appropriately to coworkers and supervisors, to interact appropriately with the public, and to respond appropriately to and tolerate the pressures and expectations of a normal work setting. *See* AR 725. The ALJ gave little weight to Dr. Moore's opinion, discounting the social limitations only because Tolley "had a new romantic interest and spent time with her during the period at issue." *See* AR 926-27.

An ALJ may reject a physician's conclusion that a claimant suffers from marked limitations in part on the basis that other evidence of the claimant's ability to function, including reported activities of daily living, contradicts that conclusion. *See Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). However, not all activities are "easily transferable to a work environment." *See Smolen*, 80 F.3d at 1284 n.7. The Ninth Circuit has "recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. That Tolley sought a romantic relationship does not contradict Dr. Moore's opinion regarding Tolley's marked social limitations in the context of a full-time workplace. Therefore, the ALJ erred by failing to give and specific and legitimate reason supported by substantial evidence to discount Dr. Moore's opinion.

**C.     Tolley's Testimony**

Tolley argues that the ALJ erred in evaluating his testimony. *See* Dkt. 15 at 20-22. The Court agrees.

Questions of credibility are solely within the control of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). Unless affirmative evidence shows the claimant is malingering, an ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

Here, the ALJ's analysis of Tolley's testimony is largely based on the ALJ's impression of the medical evidence. *See* AR 920-25. However, considering the ALJ's several errors in evaluating the medical evidence in the record, including whether Tolley suffered from the severe impairment of chronic pain syndrome, the Court finds that the ALJ's determination is not supported by substantial evidence and must be re-evaluated on remand. *See supra* §§ VII.A., B.

**D. Vocational Expert Testimony**

Tolley argues that the ALJ erred in relying on vocational expert testimony that was in conflict with the Dictionary of Occupational Titles. *See* Dkt. 15 at 18-20. However, because the Court finds that the RFC and hypothetical questions offered to the vocational expert were insufficient because of the errors described above, the Court need not decide the issue. *See supra* §§ VII.A., B., C.

**E. Scope of Remand**

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding conflicts between the medical evidence and other testimony over Tolley's functional capabilities and his ability to perform work despite any additional functional limitations. Accordingly, remand for further consideration is warranted in this matter.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Tolley disability benefits is **REVERSED AND REMANDED**.

Dated this 19th day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge